## EX PARTE EUGENIA CHANDLER.

No. 9190. Rendered January 28, 1925.

**1.—Habeas Corpus—Juvenile—May Agree to Date of Trial.**

Where, in an original application for *habeas corpus*, in Cook, county, seeking discharge from the training school for girls, at Gainesville, relator

avers that she was tried before the date that the *capias* required her appearance, in February, 1925, no error is presented where it is shown that her trial on the 16th day of December 1924, where relator, with her mother, and attorneys representing her, requested that the case be disposed of before the return date in the capias.

### 2.—Same—Information—Allegation of Age—Waived.

Where in the trial of a juvenile, the complaint and information did not allege applicant to be under the age of sixteen years, and no objection was raised on the trial, although relator was represented by able counsel, it comes too late in a *habeas corpus* proceeding. On the trial of the case it was clearly shown that applicant was fourteen years of age, and was a delinquent child.

### 3.—Same—Judgment Committing—Definite Time Not Required.

The judgment rendered by the trial court is attacked, upon the ground that it does not designate the time for which applicant is committed to the training school. We do not think the judgment open to such complaint, The power is lodged in the juvenile court, to change its judgment at any time, and to allow the juvenile to go free, probably upon a sufficient showing of reformation.

### 4.—Same—Art. 1205 of the C. C. P. is Repealed.

Complaint is made that the judgment and sentence are in violation of Art. 1205 "of the State of Texas." Art. 1205 of the C. C. P. of this State, was repealed by the legislature in 1913.

Appeal from the County Court of Cooke County. Tried below before the Hon. Geo. W. Dayton, Judge.

Appeal from an order of the County Court of Cook County remanding relator to the officers of the training school for girls, at Gainesville, Texas.

The opinion states the case.

*E. W. Neagle,* of Sherman, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—In an original application for *habeas corpus,* appellant seeks discharge from the Training School for Girls at Gainesville, Texas, in which institution she was incarcerated in December, 1924, by a judgment of the county court of Cooke county adjudging her to be a delinquent juvenile, and her punishment, if such it may be called, was fixed at confinement therein during her minority.

The application for *habeas corpus* states that applicant was arrested upon a *capias* which required her appearance in February, 1925, but that she was illegally brought to trial on December 16, 1924. It appears from the statement of facts that after service of said *capias* upon her, applicant with her mother and attorneys representing her, requested that the case be disposed of before the re-

turn date in the *capias*. This they had a right to do. It is specifically provided by our code that the juvenile courts shall be open for the disposition of business at all times, and it is the spirit and purpose of our law to dispose of this class of cases as speedily a possible. We find no error in the action of the trial court in hearing and disposing of the case on the 16th of December, 1924.

It is also set up in the application that the commitment issued out of the juvenile court of Cooke county is void, and that the complaint and information filed against applicant charged her with no offense; it is also asserted that because of a failure on the part of the complaint and information to allege that applicant was under the age of sixteen years, same presented no offense. Each of these complaints has been considered. It is true that the complaint and information did not allege applicant to be under the age of sixteen, but no objection was made in the trial court upon any such ground as this, notwithstanding applicant was represented by able attorneys, and that her mother was present. The undisputed proof adduced, as appears in the statement of facts, shows that applicant was fourteen years of age. The facts set out in the information and complaint sufficiently support the allegation that she is a delinquent child.

The judgment rendered by the trial court is attacked upon the ground that it does not set out the length of time for which applicant is committed to the training school. We find no direction in our statute requiring the court to fix a definite length of time for the commitment of female delinquents, save that it is provided that that they shall not be committed for a period beyond minority. The judgment in the instant case directs that applicant be detained in said training school until she shall have reached the age of twenty-one years, unless the court shall make different disposition of her. We do not think the judgment open to the complaint leveled at it. It occurs to us that in keeping with the spirit of the entire juvenile statute it was not intended to fix an unchangeable and definite period of time for which incarceration should be had. It seems that the object of the detention is the reform of the juvenile offender, and power is lodged in the trial court to change its judgment at any time and allow the juvenile to go free, probably upon a sufficient showing of reformation.

It is asserted that the judgment and sentence are in violation of Art. 1205 "of the State of Texas." Art. 1205 of the C. C. P., of this State, relating to juvenile offenders, was repealed by the Legislature in 1913.

We have carefully examined the statement of facts adduced upon the trial of this young girl, which shows beyond question that she was a juvenile delinquent within the meaning of our statute defining that offense; that her mother was notified and was present at the

99 Tex. Crim.—17.

trial on December 16, 1924; that the judgment and commitment were in accordance with the direction of the law.

The relief sought by the *habeas corpus* will be denied, and applicant will be remanded to the custody of Dr. Carrie Weaver Smith, Superintendent of the Girls' Training School at Gainesville, Texas.

*Writ denied.*